UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PATRICK KEITH, )
)
              Petitioner, )
)
      vs. ) No. 1:16-cv-02057-TWP-DML
)
SUPERINTENDENT, )
)
             Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

This matter is before the Court on the petition of Patrick Keith for a writ of habeas corpus challenging a prison disciplinary proceeding identified as No. IYC 16-03-0042. For the reasons explained in this Entry, Keith's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On February 22, 2016, Sergeant Girdler issued a Report of Conduct charging Keith with battery in violation of Code B-212. The Report of Conduct states:

> On 2/22/2016 at approximately 1:52 PM I, Sergeant L. Girdler, was in the E and F unit hallway when I clearly observed offender Keith, Patrick (164161/O1-(U) strike Offender Pacheco, Jesse (219182/E2-12L), and offender . . . Slover, Justin (203726/O1-7U) in E-unit day room. I ordered them to stop and they continued to fight. I then called for first responders via radio. I entered E-unit day room and the offenders separated and broke up the fight. I then ordered everyone to their bed area and cleared the day room so we could conduct a [k]nuckle and torso check of all offenders. All 3 offenders were identified and placed in mechanical restraints and escorted to HSU for medical evaluation and RSH for a review period and photographs were taken.

Keith was notified of the charge on March 8, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Keith did not want to call any witnesses or request any evidence. A review of the security video was conducted and a summary was prepared that states:

> On the [sic] 3/31/16 at approximately 2:30PM I, DHO J. Peltier reviewed the E Unit Dayroom cameras for an incident that occurred on 2/22/16. After reviewing the camera for a timeframe of 1:50PM to 2:00PM, I clearly observe the following: At 1:51:49, Offenders Pacheco, Jesse #219182, Slover, Justin #203726, and Keith, Patrick #164161 engaged each other in an altercation that continued until 1:52:27, when Sgt. Girdler stopped the altercation.

The Hearing Officer conducted a disciplinary hearing on April 8, 2016. The Hearing Officer noted Keith's statement, "I was jumped by four guys. I had to defend myself." Relying on the staff report, the statement of the offender, the photographs, and the video, the Hearing Officer determined that Keith had violated Code B-212. The sanctions imposed included 30 days of commissary, telephone, and JPAY restriction, the deprivation of 90 days of earned credit time, and the demotion from credit class II to class III (suspended). The Hearing Officer imposed the

sanctions because of the seriousness, frequency, and nature of the offense, the degree to which the violation disrupted or endangered the security of the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Keith's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Keith challenges the disciplinary action against him arguing that the conduct report supports a fighting charge, but not a battery charge, and that the screening officer and the hearing officer failed to follow policy.

1. Battery Charge

Keith first argues that the conduct alleged in the Conduct Report amounts only to a lower level violation of Code 372 Fighting and that the charge therefore should have been reduced. In other words, Keith argues that the evidence was not sufficient to support the Battery charge.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring

only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

A Code 212 violation is defined as an "[c]omitting a battery/assault upon another person without a weapon or inflicting bodily injury." The Conduct Report states that Keith struck Pacheco and Slover and that they continued to fight until the sergeant intervened. The Conduct Report is thus sufficient to support a conclusion that Keith committed a battery. This is true even if the conduct at issue also could have supported a charge of Fighting. Keith emphasizes that there were no injuries. But the definition of the charge against Keith here – "without a weapon or inflicting bodily injury" – presumes as much. In short, Keith has failed to show that the evidence against him was insufficient or that he should have received a lesser charge.

2. Policy

Keith also argues that the screening officer and the hearing officer failed to follow policy in charging him with Battery. But, as already discussed, the acts at issue did constitute Battery under the definition in Code 212. Further, to the extent this claim is based entirely on the application of Indiana Department of Correction Policy, this fails to state a due process violation. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Keith to the relief he seeks. Accordingly, Keith's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: 5/26/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana


Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

PATRICK KEITH
164161
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362